IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:06CR165 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **NORMAN WESLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge F.A. Gossett recommending denial of the motions to dismiss filed by the Defendant, Norman Weslin, relating to the Commerce Clause (Filing No. 18) and the Free Speech Clause and Equal Protection Clause (Filing No. 24). Weslin filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 35, 36) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Weslin is charged in a one-count Indictment with intimidating or interfering, or attempting to intimidate or interfere, with employees of a reproductive health services clinic, in violation of 18 U.S.C. §§ 248(a)(1) and (b)(2). Weslin seeks a dismissal of the Indictment, arguing that the applicable law, the Freedom of Access to Clinic Entrance Act ("FACE"), violates the Commerce Clause, the Free Speech Clause, and the Equal Protection Clause of the United States Constitution.

Following oral argument, Judge Gossett issued a Report and Recommendation in which he concluded: FACE does not violate the Commerce Clause; and FACE does not violate, either facially or as applied, freedom of speech as protected by the First Amendment, nor the Equal Protection Clause.

On the basis of these determinations, Judge Gossett recommended that the Defendant's motions to dismiss be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a *de novo* determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Briefly, Weslin is accused of entering an abortion clinic in Bellevue, Nebraska, on April 26, 2006. He interfered with employees' ability to escort patients into the facility, and then knelt down and prayed. He refused to leave, and he screamed at persons entering not to enter or kill their babies. These alleged events led to his arrest.

## ANALYSIS

The Defendant objects to all portions of Judge Gossett's Report and Recommendation, repeating the arguments made in his brief submitted in support of the objections to the Report and Recommendation and during oral argument.

In deciding *United States v. Dinwiddie,* 76 F.3d 913 (8th Cir. 1996), the Eighth Circuit Court of Appeals determined that Congress, through FACE, validly exercised its power to regulate the business of Planned Parenthood, conducted "in interstate commerce." *Id.* at 919-20. The court also found that there was a rational basis to conclude that the activity regulated by FACE had a substantial effect on interstate commerce. *Id.* at 920.

Addressing Dinwiddie's First Amendment argument, the Eighth Circuit concluded that FACE, a content-neutral law, passed the intermediate scrutiny test because it furthered the government's significant interests unrelated to restriction of free speech, *i.e.*, protection of women seeking reproductive health services, and insurance of the availability of reproductive health services. *Id.* at 923. In a later opinion, the Eighth Circuit again stated that FACE does not violate the Free Speech Clause. *United States v. Hart,* 212 F.3d 1067, 1073 (8th Cir. 2000). Similarly, other courts rejected constitutional challenges to FACE. *See, e.g., United States v. Bird,* 124 F.3d 667, 678 (5th Cir. 1997) (Commerce Clause); *Hoffman v. Hunt,* 126 F.3d 575, 588 (4th Cir. 1997) (Commerce Clause, Free Speech Clause); *United States v. Wilson,* 73 F.3d 675, 688 (7th Cir. 1995) (Commerce Clause).

Fourteen days after the *Hart* decision, the Supreme Court decided *United States v. Morrison,* 529 U.S. 598 (2000), which addressed the Violence Against Women Act of 1994 ("VAWA"). The Supreme Court decided that 42 U.S.C. § 13981 of VAWA, which provided a federal civil remedy for victims of gender-motivated assaults, violated the Commerce Clause. Referring to the analysis in *United States v. Lopez,* 514 U.S. 549 (1995), the Court concluded that § 13981 contained no jurisdictional element and did not substantially affect commerce, despite conflicting congressional findings. *Morrison,* 529 U.S. at 614-17.

After *Morrison,* courts have echoed the conclusion that FACE is constitutional. *United States v. Bird,* 401 F.3d 633 (5th Cir. 2005) (Commerce Clause); *Norton v. Ashcroft,* 298 F.3d 547 (6th Cir. 2002) (Commerce Clause, Free Speech Clause, Equal Protection Clause); *United States v. Gregg,* 226 F.3d 253 (3d Cir. 2000) (Commerce Clause, Free Speech Clause); *United States v. Kopp,* 2005 WL 839672 (W.D.N.Y. April 11, 2005)

(Commerce Clause).  The Supreme Court denied a petition for certiorari in *Hart. United States v. Hart,* 531 U.S. 1114 (2001).  No other court has concluded that *Morrison* controls the issues present in this case, as the Defendant argues.  The Defendant has cited no case law evidencing a conclusion by any other court that FACE violates the Free Speech or Equal Protection Clauses.  Therefore, the Defendant's arguments are unpersuasive.

## CONCLUSION

For the reasons discussed, the Magistrate Judge's Report and Recommendation is affirmed and the Defendant's motions to dismiss are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 35) is overruled; and

3. The Defendant's Motions to Dismiss relating to the Commerce Clause (Filing No. 18) and the First Amendment and the Equal Protection Clause (Filing No. 24) are denied.

DATED this 31st day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge