IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:06CR165 |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S** |
| | ) | **PROPOSED JURY INSTRUCTIONS** |
| vs. | ) | |
| | ) | |
| NORMAN WESLIN, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Rev. Norman Weslin, requests this Court to give the form instructions listed in Part A below from the Eighth Circuit Manual of Model Jury Instructions. The Defendant also requests this Court to give the form instructions in Part B below from the Eighth Circuit Manual of Model Jury Jury Instructions, as modified to include the information requested in the instructions. The Defendant also requests this Court to give the instructions in Part C below, for which the Defendant was aware of no model instructions

**A.    Model Jury Instructions Requested.**

3.01  INTRODUCTION
3.02  DUTY OF JURY
3.03  EVIDENCE; LIMITATIONS
3.04  CREDIBILITY OF WITNESSES
3.05  DESCRIPTION OF CHARGE; INDICTMENT NOT EVIDENCE;
       PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (SINGLE
       DEFENDANT, SINGLE COUNT)
3.11  REASONABLE DOUBT
3.12  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT
       A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT
       FORM
7.01  SPECIFIC INTENT
7.05  PROOF OF INTENT OR KNOWLEDGE

239290-1

B.      **Modified Model Jury Instructions Requested.**

JURY INSTRUCTION NO. __
3.09  ELEMENTS OF OFFENSE; BURDEN OF PROOF

The crime of violation of the Freedom of Access to Clinic Entrances, as charged in the indictment, has five elements, which are:

*One*, whoever by force or threat of force or by physical obstruction;

*Two*, intentionally injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with, any person;

*Three,* because that person is or has been obtaining or providing reproductive health services, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

If all of these elements have been proved beyond a reasonable doubt as to Rev. Norman Weslin, then you must find Rev. Norman Weslin guilty of the crime charged in the indictment; otherwise you must find Rev. Norman Weslin not guilty of this crime charged in the indictment.

_____

Model Eighth Circuit Criminal Jury Instruction 3.09.

239290-1

C.      Other Jury Instructions Requested.

## JURY INSTRUCTION NO. 1
### FACE Act – Prohibitions

The FACE Act prohibits whoever by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

---

18 U.S.C. § 248(a)(1)

239290-1

## JURY INSTRUCTION NO. 2
## FACE Act –Acts not Prohibited

The FACE Act does not prohibit any expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment to the Constitution. The FACE Act is not intended to interfere with activities protected by the free speech clause or the free exercise of religion clause of the First Amendment to the Constitution, occurring outside an abortion facility, regardless of the point of view expressed, or to limit any existing legal remedies for such interference.

---

18 U.S.C. § 248(d)(1) and (2)

239290-1

## JURY INSTRUCTION NO. 3
### Free Speech and Free Exercise of Religion

The Constitution of the United States of America provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

---

U.S. Const. amend. I

239290-1

## JURY INSTRUCTION NO. 4
### FACE Act –No Pre-emption of State Law Enforcement

The FACE Act is not intended to provide exclusive criminal penalties with respect to the conduct it prohibits, or to preempt State or local laws that may provide such penalties or remedies.

---

18 U.S.C. § 248(d)(3)

239290-1

## JURY INSTRUCTION NO. 5
## FACE Act – Definition of "Facility"

The term "facility" includes a hospital, clinic, physician's office, or other facility that provides reproductive health services, and includes the building or structure in which the facility is located.

---

18 U.S.C. § 248(e)(1)

239290-1

**JURY INSTRUCTION NO. 6**
**FACE Act – Definition of "Interfere With"**

The term "interfere with" means to restrict a person's freedom of movement.

---

18 U.S.C. § 248(e)(2)

239290-1

## JURY INSTRUCTION NO. 7
## FACE Act – Definition of "Intimidate"

The term "intimidate" means to place a person in reasonable apprehension of bodily harm to him- or herself or to another.

_____

18 U.S.C. § 248(e)(3)

**JURY INSTRUCTION NO. 8**
**FACE Act – Definition of "Physical Obstruction"**

The term "physical obstruction" means rendering impassable ingress to or egress from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.

---

18 U.S.C. § 248(e)(4)

# JURY INSTRUCTION NO. 9
## FACE Act – Definition of "Reproductive Health Services"

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

---

18 U.S.C. § 248(e)(5)

## JURY INSTRUCTION NO. 10
### FACE Act – Definition of "State"

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

---

18 U.S.C. § 248(e)(6)

239290-1

# JURY INSTRUCTION NO. 11
## FACE Act – Definition of "Threat of Force"

The First Amendment does not permit the Government to punish speech merely because the speech is forceful or aggressive. What is offensive to some is passionate to others. You must analyze an alleged threat in the light of its entire factual context and decide whether the recipient of the alleged threat could reasonably conclude that it expresses a determination or intent to injure presently or in the future. When determining whether a statement constitutes a threat of force, you may consider a number of factors, including the following: the reaction of the recipient of the alleged threat and the reaction of other listeners; whether the alleged threat was conditional; whether the alleged threat was communicated directly to its alleged victim; whether the maker of the alleged threat had made similar statements to the same alleged victim in the past; and whether the alleged victim had reason to believe that the maker of the alleged threat had a propensity to engage in violence.

---

*U.S. v. Dinwiddie,* 76 F.3rd 913, 925 (8th Cir. 1996).

239290-1

Rev. NORMAN WESLIN, Defendant,

By: /s/ Matthew F. Heffron
       Matthew F. Heffron (#19228)
For:    FITZGERALD, SCHORR, BARMETTLER & BRENNAN, PC, LLO
13220 California Street, Suite 400
Omaha, Nebraska 68154-5228
(402) 342-1000
Fax: (402) 342-1025
mheffron@fitzlaw.com

and

Martin A. Cannon, Jr.
CANNON LAW FIRM – IOWA
24000 210th Street
Crescent, Iowa 51526
US
(402) 455-6000
Fax: (402) 455-4033
mcannonlaw@yahoo.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on the 26th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Douglas R. Semisch
Assistant United States Attorney
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700
Fax: (402) 661-3084
doug.semisch@usdoj.gov

                                     /s/ Matthew F. Heffron

239290-1