IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:06CR165 |
| v. | ) | |
| | ) | UNITED STATES' |
| NORMAN WESLIN, | ) | PROPOSED JURY INSTRUCTIONS |
| Defendant. | ) | |

COMES NOW the United States of America and hereby requests the following jury instructions:

1. The United States requests the following instructions from the Eighth Circuit Manual of Model Jury Instructions-Criminal: 1.03, 1.05, 2.02, 2.07, 2.16, 3.04, 3.05, 3.11, 4.14, 7.05, and 8.01.

2. The United States requests the additional instructions set forth below:

INSTRUCTION NO. ___

The defendant is charged in Count I of the indictment with violating and attempting to violate the Freedom of Access to Clinic Entrances Act in violation of Title 18, United States Code, Section 248(a)(1). That statute makes it a Federal crime or offense for anyone to engage in any activity which uses force or physical obstruction with the intent to intimidate or interfere with or attempt to intimidate or interfere with any person from providing or obtaining reproductive health services. The crime of violating the Freedom of Access to Clinic Entrances Act has three essential elements, which are:

1. That on or about April 24, 2006, in the District of Nebraska, the defendant engaged in a course of conduct using force or physical obstruction related to the Bellevue Health Clinic, d/b/a Abortion and Contraception Clinic of Nebraska.

2. The defendant intentionally intimidated or interfered with or attempted to intimidate or interfere with persons.

3. The defendant acted as he did because the persons were, or had been, obtaining or providing reproductive health services or in order to intimidate or interfere with such persons from obtaining or providing reproductive health services.

For you to find the defendant guilty of this offense, the government must prove all of these essential elements beyond a reasonable doubt; otherwise you must find the defendant not guilty.

The term "interfere with" means to restrict a person's freedom of movement. The term "intimidate" means to place a person in reasonable apprehension of bodily harm to himself or to another.

The term "physical obstruction" means rendering impassable ingress to or egress from a facility that provides reproductive health services, or rendering passage to or from such facility unreasonably difficult or hazardous. It is not necessary for you to find that the physical obstruction was so great that there was absolutely no way for anyone to enter or exit the facility as long as you find that the obstruction made it unreasonably difficult or hazardous to do so. In this respect, examples of obstructions which can make entry to or exit from facilities unreasonably difficult include, but are not limited to, the following: (a) providing interference or harassment to persons attempting to enter or leave a facility, (b) requiring persons to step over a blockader, ( c) standing in front of persons as they attempt to enter or leave a facility while shouting at them,  ( d) blocking entrance or exit by standing right in front of facility doors while attempting to communicate with persons attempting to enter or exit, or (e) placing an obstruction in front of an entrance/exit which forces people to turn sideways and squeeze past the obstruction.

The term "force" means power, violence, pressure, or restraint exerted upon or against a person or thing, and includes the application or exercise of physical power. You need not find

that the force used was violent or assaultive. Further, the force used may be fleeting or de minimis contact as long as you find such use of force was intentional.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counseling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of pregnancy.

*Sources:*

1. For elements see 18 U.S.C. §248(a)(1) and §248(e)(2)-(5).

2. For additional definition re physical obstruction, see *People of the State of New York, ex rel. Spitzer v. Kraeger*, 160 F. Supp2d 360, 373 (N.D.N.Y. 2001); *United States v. Gregg*, 32 F. Supp2d 151, 156 (D.N.J. 1998); *United States v. Wilson*, 154 F.3d 658, 661 (7th Cir. 1998); *United States v. Burke*, 15 F. Supp. 2d 1090, 1092-95 (D. Kan. 1998); *New York ex rel. Spitzer v. Operation Rescue National*, 273 F.3d 184, 192-95 (2nd Cir. 2001).

3. For definition of force, see *New York ex rel Spitzer v. Cain*, 418 F. Supp. 2d 457, 473 (S.D.N.Y. 2006).

INSTRUCTION NO. ___

You have nothing whatever to do with the punishment of a defendant in the case of his conviction. Therefore, in determining his guilt or innocence, you have no right to take into consideration what punishment, if any, he may or may not receive in the event of his conviction.

INSTRUCTION NO. ___

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant, therefore, is immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

Source: 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §17.06 (5th ed. 2000).

Respectfully submitted,

UNITED STATES OF AMERICA,
Plaintiff

JOE W. STECHER
United States Attorney

 s/Douglas R. Semisch
By:   DOUGLAS R. SEMISCH (#16655)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Martin A. Cannon, Jr. and Matthew F. Heffron

 s/Douglas R. Semisch
DOUGLAS R. SEMISCH
Assistant United States Attorney
United States Attorney's Office
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
(402) 661-3700