IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:06CR165 |
| | ) | |
| Plaintiff, | ) | **MOTIONS IN LIMINE** |
| | ) | |
| vs. | ) | |
| | ) | |
| NORMAN WESLIN, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Rev. Norman Weslin, requests this Court to exclude the following evidence expected to be offered by the Government.

1.  The Government has indicated it may offer testimony from <u>patients</u> of the abortion clinic who will state they <u>felt intimidated, or at least "shaken and upset."</u> (Government's Trial Brief at 4.) With all due respect to these women, how they felt has nothing to do with this case and could be highly prejudicial.

    Under 18 U.S.C. §248, the Government must prove beyond a reasonable doubt the Defendant intended to intimidate or interfere. The subjective feelings of someone else does not affect the Defendant's intent whatsoever. It is particularly important to exclude these subjective feelings in this case, in which the Government has charged a praying priest with a federal felony. Some patients could find prayer to be intimidating because of their own personal predilections, which would be difficult and unseemly to bring out in cross examination. Other patients, particularly in other situations, would find the same prayer comforting.

2.  According to an FBI-302, a patient, Tara N. Lucas, stated she <u>overheard a comment by another patient</u> about being harassed by protestors. She also stated she

<u>overheard several clinic workers</u> discussing the priest in the entryway. Both of these statements by Ms. Lucas are hearsay and should not be admitted. FRE 802.

3. The Government has listed as <u>Exhibit 27</u> part of a video taken by Steve Zach. The video segment was of <u>some event on December 4, 2006, seven months after the alleged crime.</u> (Exhibit 27; Government's Trial Brief at 11) It does not refer to the incident involved in this lawsuit. It does not even involve the Defendant entering the abortion facility again.

This video is irrelevant and should be excluded. Evidence of prior bad acts is admissible only if it is <u>similar in kind and not overly remote in time</u> to the crime charged and its potential prejudice does not substantially outweigh its probative value. *United States v. Cockerham*, 417 F.3d 919, 921 (8th Cir. 2005) (internal citations omitted). This video should be excluded because it is not similar in kind to the crime charged in this case, it is remote in time and it is unfairly prejudicial.

The Government claims "this video is probative of the defendant's motive, intent, and knowledge when he entered the clinic and further demonstrates an absence of mistake." (*Id*.) It is hard to imagine how an event seven months after the alleged federal felony could be probative of anything relevant. Unless the Government alleges the Defendant on December 4 discussed his specific "motive, intent, and knowledge" on the date of the incident involved in this lawsuit, this video is irrelevant. Furthermore, the Defendant has never alleged or indicated he made a mistake when he entered the abortion facility to pray on the date of the alleged felony.

4. The Defendant has a <u>prior misdemeanor conviction under the FACE Act nearly 10 years ago</u>. The Government has listed it as <u>Exhibit 28</u>. This information is not admissible under any rule.

The Government claims, "if the defendant were to claim that he merely entered the clinic to pray and not to obstruct the entrance, the conviction could be used under Rule 404(b) … to prove motive, intent, knowledge and/or absence of mistake."

The Defendant and his attorneys have not hidden the fact the Defendant entered the clinic to pray, not to obstruct the entrance. The prior 10-year-old misdemeanor conviction is so dissimilar from the current incident that it could prove nothing of motive, intent, knowledge and/or absence of mistake. Rather, if anything, it might disprove these mental states. If the Defendant had wanted to obstruct the entrance, the prior misdemeanor shows he knows how to so. His prior conviction was for obstructing an entrance – by means of chains and large, immovable objects and numerous other protestors participating. The facts involved in the other incident were not "similar in kind" to those alleged in the incident before this Court. The prior conviction occurred 10 years before this incident, which is egregiously "overly remote in time."

Furthermore, the Government's trial brief gives indications of an intent to play the "open-the-door" game. This case should be tried cleanly, without resort to such extraneous facts as this 10-year-old misdemeanor conviction. The Government should not be allowed to get into this material for any reason.

5. The Government's Trial Brief also stated the abortion facility employees "were well aware of <u>violence having occurred at other abortion clinics</u> across the country." (Government's Trial Brief at 4.) This again is the subjective feelings of witnesses and

239934-1                                                                                                                 3

has nothing to do with the intent of the Defendant. Furthermore, this Defendant has a history of complete passivity and has acted only peacefully in this matter and in all previous abortion-related activity.

Moreover, the acts and statements of other abortion protestors at other times are irrelevant to this case and should be strictly and absolutely excluded from mention in this trial. Such <u>testimony or argument by the Government's attorney</u> would mislead the jury. Even if it had some relevance, such would be "substantially outweighed by the danger of unfair prejudice." FRE 403. Any attempt by the Government to inject passion, bias and prejudice arising out of unrelated incidents should be vigilantly excluded from any mention in this case.

6. The abortion facility <u>employees intend to testify "patients expressed concern for their safety</u>" on the date of the alleged federal felony. (Government's Trial Brief at 13.) For the reasons listed above, this testimony of subjective feelings is not relevant to any issue in the case. Furthermore, the Government has admitted it "does not intend to offer evidence that the defendant made any threats of force against clinic employees or patients." (*Id*. at 12.) Even if this is somehow relevant, such subjective feelings would require probing cross examination to determine how an elderly praying priest could give them concern for their safety. It calls for hearsay testimony. Attempting to squeeze in such testimony under a hearsay exception for "excited utterances" also would inject unfair prejudice. FRE 403.

7. The Defendant's attorneys received information from the Government that one witness may testify she was adversely affected by<u> the activities of abortion protestors picketing her house, which may have included the Defendant</u>. If this witness testifies,

239934-1                                                                                                           4

such testimony would be irrelevant as it would prove nothing about the Defendant's alleged attempt to barricade an abortion facility. It also would be very unreliable testimony, as it would be highly subjective and prone to manipulation, and would be unfairly prejudicial. It should be excluded. FRE 403.

        Rev. NORMAN WESLIN, Defendant,

        By:/s/ Matthew F. Heffron_____
            Matthew F. Heffron (#19228)
        For:  FITZGERALD, SCHORR,
            BARMETTLER & BRENNAN,
            13220 California Street, Suite 400
            Omaha, Nebraska 68154-5228
            (402) 342-1000
            Fax: (402) 342-1025
            mheffron@fitzlaw.com

        and

        Martin A. Cannon, Jr.
        CANNON LAW FIRM
        24000 210th Street
        Crescent, Iowa 51526
        US
        (402) 455-6000
        Fax: (402) 455-4033
        mcannonlaw@yahoo.com

        ATTORNEYS FOR DEFENDANT

239934-1                                                                                                                  6

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Douglas R. Semisch
Assistant United States Attorney
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700
Fax: (402) 661-3084
doug.semisch@usdoj.gov

                                             /s/ Matthew F. Heffron