IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR165 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORMAN WESLIN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTIONS IN LIMINE**

Prepared and Submitted by:

JOE W. STECHER
United States Attorney

    and

DOUGLAS R. SEMISCH
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402)661-3700

**I. Evidence of Intimidation Felt by Patience and Staff is Relevant and Admissible**.

Weslin argues that testimony from patients and staff to the effect that they were afraid, intimidated, and upset has "nothing to do with this case and can be highly prejudicial." This argument is without merit. Weslin's argument fails to appreciate that a victim's subjective fear and intimidation is probative and relevant to a defendant's intent to intimidate.

Perhaps the most analogous statute to the FACE Act, requiring an element of intimidation, is the bank robbery statute found at 18 U.S.C. § 2113(a). The bank robbery statute makes it a crime to take from the person or presence of another by means of "force, violence or intimidation." Id. Intimidation is conduct reasonably calculated to put another in fear. United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987); United States v Smith, 973 F.2d 603, 604(8th Cir. 1992).

The Eighth Circuit has recognized that "the subjective courageousness or timidity of the victim is irrelevant; the acts of the defendant must constitute intimidation to an ordinary, reasonable person" Id. at 604. Thus, when evaluating intimidation it is an objective rather than a subjective test. However, the Eighth Circuit recognizes that fear or intimidation on the part of a victim or witness is probative of whether the defendant's acts were objectively intimidating. "Evidence that the defendant's acts did induce fear in an individual victim is probative of whether his acts were objectively intimidating" Smith, 973 F.2d at 604; Hidgon, 832 F.2d at 315.

Recently, in United States v. Caldwell, 292 F.3d 595 (8th Cir. 2002), the Eighth Circuit Court of Appeals reiterated this position. The Court observed "intimidation is conduct reasonably calculated to put another in fear .... [T]he acts of the defendant must constitute an intimidation to an ordinary, reasonable person.' United States v. Smith, 973 F.2d 603, 604 (8th

Cir.1992) (internal quotation omitted). Whether the defendant's actions did induce fear in an individual victim is not conclusive, but is probative of whether his acts were objectively intimidating." Id. at 595.

Simply put, Weslin's argument fails to recognize that evidence of a defendant's act inducing fear or intimidation are probative of whether those acts were objectively intimidating. Whether a stranger kneeling in a doorway and hurling insults at both the employees and customers of a business intimidates or puts others in fear is the factual determination to be made by the jury. The jury is entitled to hear the effects the defendant's actions had upon clients and employees alike to assist them in determining whether the acts were objectively intimidating.

## II.  Exhibit 27.

A video of defendant's actions at the clinic seven months after his arrest, is admissible to demonstrate defendant's motive, intent, preparation, plan, and *modus operandi*. Weslin argues that the introduction of a video of his conduct upon his return to the clinic on December 4, 2006, is inadmissible. Specifically, Weslin suggests that it is neither similar in kind and is overly remote in time to be admissible. Weslin's claims are without merit and fail to grasp the purpose of Rule 404(b) of the Federal Rules of Evidence.

Federal Rule of Evidence 404(b) states that evidence of "other crimes, wrongs, or acts" is not admissible to prove character, but is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) is one of inclusion rather than exclusion and "admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition. United States v. DeLuna, 763 F.2d 897, 912 (8th Cir. 1985). A trial court has broad discretion to admit

evidence under Rule 404(b) and will be reversed only when the evidence clearly has no bearing upon any of the issues involved." DeLuna, 763 F.2d at 913; United States v. Johnson, 934 F.2d 936, 939 (8th Cir. 1991).

The Eighth Circuit has establish a four part test for determining the admissibility of Rule 404(b) evidence. Such evidence is admissible if it is "1.) relevant to a material issue; 2) of crimes similar in kind and reasonably close in time to the crime charged; 3) sufficient to support a jury finding that the defendant committed the other crimes; 4) more probative than prejudicial." United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992). Rule 404(b) applies to evidence of subsequent as well as prior crimes, wrongs, or acts. United States v. DeAngelo, 13 F.3d 1228 (8th Cir. 1994).

The videotape is relevant to material issues. First and foremost, it is directly relevant to the defendant's motive, intent and knowledge on the day of his arrest. Moreover it is directly relevant to his defense that by kneeling in the doorway and yelling he was merely praying. If the defendant's claim is that he was praying, as opposed to protesting, the jury should be able to see the defendant in action and judge for themselves whether this is prayer or something else. Moreover, the video contradicts Weslin's asserted claim of being peaceable. Second, defendant's conduct is very similar in kind and reasonably close in time to the crime charged. Specifically, it occurs at the same place. He is not kneeling in the doorway, perhaps, because he had been arrested a short time before and was on bond as a result of those earlier actions. However, he was targeting the same clinic and, in yelling at and insulting the clients, was targeting a similar audience. Finally, a mere seven months had past from the crime charged until defendant's return to the scene. The third and fourth elements are satisfied in that the video and

the defendant's conduct speak for themselves and are highly probative of his conduct at reproductive clinics.

                         UNITED STATES OF AMERICA,
                         Plaintiff

                         JOE W. STECHER
                         United States Attorney

                         s/Douglas R. Semisch
By:  DOUGLAS R. SEMISCH (#16655)
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, Nebraska 68102

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Martin A. Cannon and Matthew F. Heffron.

                                           s/Douglas R. Semisch
                                           DOUGLAS R. SEMISCH
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           1620 Dodge Street, Suite 1400
                                           Omaha, NE 68102-1506
                                           (402) 661-3700