IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COURT'S CHARGE |
| | ) | TO THE JURY |
| NORMAN WESLIN, | ) | |
| | ) | |
| Defendant. | ) | |

INSTRUCTION NO. 1

INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important.  This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, *all* instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. 2

DUTY

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

NO INVESTIGATION

You are reminded that you are not to engage in any independent investigation of this case.  For instance, you are not to consult a dictionary or any other like reference.

INSTRUCTION NO. 4

JUDGE – NO OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

INSTRUCTION NO. 5

PRESUMPTION OF INNOCENCE

The law presumes the Defendant innocent.  The Defendant has no burden to prove that he is innocent.  Therefore, even though the Defendant is charged, the trial begins with no evidence against him.

INSTRUCTION NO. 6

DESCRIPTION OF CHARGE; INDICTMENT NOT EVIDENCE; PRESUMPTION OF

INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges that the Defendant committed the crime of violating the Freedom of Access to Clinic Entrances Act.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the Defendant is presumed to be innocent. Thus, the Defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the Defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

There is no burden upon a defendant to prove that he is innocent.

INSTRUCTION NO. 7

DEFINITIONS

For purposes of your deliberations, you must use the following definitions.

The term "facility" includes a hospital, clinic, physician's office, or other facility that provides reproductive health services, and includes the building or structure in which the facility is located.

The term "interfere with" means to restrict a person's freedom of movement.

The term "intimidate" means to place a person in reasonable apprehension of bodily harm to him- or herself or to another.

The term "physical obstruction" means rendering impassable ingress or egress from a facility that provides reproductive health services or to or from a place of religious worship, or rendering passage to or from such a facility or place of religious worship unreasonably difficult or hazardous.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counseling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

7

INSTRUCTION NO. 8

COUNT I: ELEMENTS OF OFFENSE; BURDEN OF PROOF

**PRINCIPAL CHARGE:**

The crime of violating the Freedom of Access to Clinic Entrances Act, as charged against the Defendant, Norman Weslin, in Count I of the Indictment, has three essential elements, which are:

ONE:   On or about April 24, 2006, the Defendant, Norman Weslin, by force or physical obstruction, intimidated or interfered with one or more persons at the Bellevue Health Clinic, d/b/a Abortion and Contraception Clinic of Nebraska;

TWO:   The Defendant did so because that person or persons were or had been obtaining or providing reproductive health services, or  in order to intimidate that person or persons from obtaining or providing reproductive health services; and

THREE:   The Defendant did so intentionally.

**ATTEMPT CHARGE:**

The Defendant, Norman Weslin, is charged alternatively with attempt to intimidate or interfere with persons obtaining or providing reproductive health services by force or physical obstruction.  The alternative attempt charge has two essential elements, which are:

ONE:  On or about April 24, 2006, the Defendant, Norman Weslin, intended to intimidate or interfere with persons obtaining or providing reproductive health

8

services at the Bellevue Health Clinic, d/b/a Abortion and Contraception Clinic of Nebraska, by force or physical obstruction; and

TWO: On or about April 24, 2006, the Defendant voluntarily and intentionally carried out some act which was a substantial step toward accomplishing the goal described in paragraph one.

If the government has proved all three essential elements of the ***principal*** charge beyond a reasonable doubt as to the Defendant, Norman Weslin, ***or*** if the government has proved both the essential elements of the ***attempt*** charge beyond a reasonable doubt as the Defendant, Norman Weslin, then you must find him guilty of the crime charged under Count I of the Indictment.  Otherwise, you must find the Defendant, Norman Weslin, not guilty of the crime charged in Count I of the Indictment.

INSTRUCTION NO. 9

INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 10

"ON OR ABOUT"

The Indictment charges that the offense was committed "on or about" a certain period of time.  It is not necessary that the proof establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date.

11

INSTRUCTION NO. 11

REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 12

EVIDENCE

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated -- that is, formally agreed to by the parties, and any facts that have been judicially noticed -- that is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.  Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

13

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

14

INSTRUCTION NO. 13

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the Defendant in the same manner as you judge the testimony of any other witness.

INSTRUCTION NO. 14

STIPULATED TESTIMONY

The government and the Defendant have stipulated - that is, they have agreed - that if Tara Lucas and Sharon McKee were called as witnesses they would testify as stated in the FBI reports of their interviews.  You should accept the statements read to you from the FBI reports as the testimony of those witnesses, just as if it had been given here in Court from the witness stand.  As with the testimony of other witnesses, copies of the statements are not available to you in the jury room.

INSTRUCTION NO. 15

STATEMENT BY DEFENDANT

You have heard testimony that the Defendant, Norman Weslin, made a statement to law enforcement.  It is for you to decide:

First, whether the Defendant, Norman Weslin, made the statement; and

Second, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statements may have been made.

INSTRUCTION NO. 16

NOTES

Some of you may have taken notes during the trial; others of you may have chosen not to take notes.  If you did take notes, remember that these notes are not themselves evidence, but are instead merely memory aids.  You must reach a verdict based upon your independent recollection of the evidence presented during the trial, not upon your notes or another juror's notes.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 17

"UNANIMOUS" DEFINED

Your verdict must be agreed to by all twelve of you, that is, it must be unanimous.

INSTRUCTION NO. 18

ELECTION OF FOREPERSON; DUTY TO DELIBERATE

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the Defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.  To the extent that either lawyer has speculated in closing argument about how the Defendant may be punished if he is found guilty, that is simply speculation and you must disregard that.

Fourth, if you need to communicate with me during your deliberations, you may send a note signed on the reverse side by one or more jurors.  You may send a note to me

20

through the Marshal, or call my chambers at tel. 661-7323 to locate the courtroom deputy. I will respond to the note as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take the verdict form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Marshal or call my chambers at 661-7323 and tell whoever answers the telephone that you have a verdict.